# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
BROOKHART, SCHASBERGER, and LEVIN
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist VIKTOR R. RIEDERER**
**United States Army, Appellant**

ARMY 20180183

United States Army Intelligence Center of Excellence and Fort Huachuca
Michael S. Devine, Military Judge
Colonel Steven P. Haight, Staff Judge Advocate

For Appellant: Lieutenant Colonel Todd W. Simpson, JA; Captain Scott A. Martin, JA (on brief); Lieutenant Colonel Tiffany D. Pond, JA; Major Scott A. Martin, JA (on reply brief).

For Appellee: Lieutenant Colonel Wayne H. Williams, JA; Major Hannah E. Kaufman, JA (on brief).

9 August 2019

----------------------------------
SUMMARY DISPOSITION
----------------------------------

LEVIN, Judge:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of two specifications of abusive sexual contact in violation of Article 120, Uniform Code of Military Justice, 10 U.S.C. § 920 [UCMJ]. The military judge sentenced appellant to be discharged from the service with a bad-conduct discharge, to be confined for twenty-five months, and to be reduced to the grade of E-1. Pursuant to the terms of a pretrial agreement, the convening authority approved sixteen months' confinement and the remainder of the sentence as adjudged.

This case is before us for review under Article 66, UCMJ. Appellant raises one assignment of error concerning the providence of his guilty plea which merits discussion but no relief.

## BACKGROUND

Appellant committed abusive sexual contact in violation of Article 120 against two women while he was stationed at Fort Huachuca, Arizona. Private First Class (PFC) CM,[1] one of appellant's victims, passed out on appellant's bed in his barracks room after a night of heavy drinking. While she remained passed out, appellant removed PFC CM's shorts "so as not to wake her" and inserted his fingers into her vulva. Shortly thereafter, appellant began having sexual intercourse with PFC CM. At some point, PFC CM woke up, uttered the name of her boyfriend, PFC TM, departed the barracks room, and passed out again before PFC TM helped her return to her own room.

With respect to the second victim, Ms. SB, appellant attended an off-post party hosted by Ms. SB. At some point in the evening, Ms. SB became extremely intoxicated and retreated to her bedroom. While she remained drunk and unconscious, appellant entered the room and engaged in multiple sexual acts with her. In an exchange of text messages the following day with the victim, appellant admitted to engaging in oral, anal, and vaginal sex with Ms. SB. He further provided a sworn statement in which he admitted to penetrating the victim orally, anally, and vaginally "for about 30 minutes after she passed out."

Prior to trial, appellant entered into a pretrial agreement wherein he agreed to plead guilty to two specifications of abusive sexual contact in exchange for dismissal of several other specifications and a cap on his sentence to confinement. Seven days after appellant entered into the pretrial agreement, PFC CM's Special Victim's Counsel (SVC) notified the government via memorandum that PFC CM did "not wish to participate" in appellant's court-martial.

Seven days later, based on the military judge's questions and the appellant's responses, as well as the detailed stipulation of fact, the military judge found appellant's guilty plea to the specifications provident and accepted it. The government never disclosed the SVC's memorandum to appellant.

---

[1] Private First Class CM is listed on the Charge Sheet as PFC CB. After the government preferred charges, she married and changed her name to PFC CM.

## LAW AND DISCUSSION

Appellant alleges that the government withheld exculpatory and impeachment evidence in violation of *Brady v. Maryland*, 373 US 83 (1963), when it failed to disclose the SVC's memorandum. Consequently, appellant alleges, there is a substantial basis in law and fact to question the providence of his plea of guilty.[2] Appellant's claim lacks merit.

In order to show a *Brady* violation, appellant must prove that (1) evidence was favorable to him, because it was either exculpatory or impeaching, (2) the government suppressed the evidence, either willfully or inadvertently,[3] and (3) he was prejudiced by the nondisclosure. *Stickler v. Greene*, 527 U.S. 263, 280-81 (1999). First, evidence of PFC C.M.'s desire to forgo testifying is neither impeachment nor exculpatory evidence. It is not at all unusual for a victim of a sexual assault to seek to avoid testifying at trial. Nor is it surprising that the victim shared those desires with her SVC, who in turn, shared them with the government. This desire, however, is not evidence of PFC CM's "recantation through silence." PFC CM's wishes do not amount to a refusal to reassert her allegations; nor do they suggest, contrary to appellant's claim, that those allegations were false.

Assuming *arguendo* that the memorandum was impeachment or exculpatory evidence, appellant's claim is still without merit. Appellant faced multiple allegations supported by overwhelming evidence. This evidence included appellant's own incriminating admissions prior to trial, as well as a number of eyewitnesses to corroborate appellant's conduct, other than PFC CM, who was passed out during relevant times. Appellant's admissions included damning text messages and statements to the Criminal Investigation Command (CID). Accordingly, it cannot be said that the nondisclosure was material. *Kyles v. Whitley*, 514 U.S. 419, 433-34 (1995) (evidence is material "if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different").

Further, of particular relevance to appellant's case, in the context of a guilty plea, *Brady* "does not require the Government to disclose material *impeachment evidence* prior to entering a plea agreement with a criminal defendant." *United States v. Ruiz*, 536 U.S. 622, 633 (2002) (emphasis added); *cf. United States v.*

---

[2] Appellant does not make clear in either his initial brief or reply brief whether or how it is that he is requesting relief for both Specification 2 of The Charge and Specification 1 of The Additional Charge, as only one of those specifications involves PFC CM. Nonetheless, no relief is warranted for either specification.

[3] The government concedes that it failed to disclose the memorandum to appellant prior to his guilty plea.

*Garlick*, 61 M.J. 346, 349-50 (C.A.A.F. 2005) (assuming without deciding that *Brady* compelled disclosure of exculpatory evidence in a guilty plea scenario). *Brady* rights serve a part of the Constitution's basic "fair trial" guarantee; therefore "[w]hen a defendant pleads guilty he or she, of course, forgoes not only a fair trial, but also other accompanying constitutional guarantees." *Id.* at 628-29. As such, disclosure of material impeachment information is more appropriately described as "special in relation to the *fairness of a trial*, not in respect to whether a plea is *voluntary* ('knowing,' 'intelligent,' and 'sufficient[ly] aware')." *Id.* At 629.

Here, appellant is foreclosed from any argument that *Brady* required prosecutors to disclose impeachment materials regarding PFC CM prior to appellant's guilty plea. *See Ruiz*, 536 U.S. at 633. Our analysis does not end here, however. Though not argued by appellant, there remains the question of whether the government committed a discovery violation based on its failure to disclose the memorandum. Article 46, UCMJ, provides the trial counsel, defense counsel, and the court-martial with the "equal opportunity to obtain witnesses and other evidence in accordance with" the rules prescribed by the President. UCMJ art. 46(a). "Discovery in the military justice system, which is broader than in federal civilian criminal proceedings, is designed to eliminate pretrial gamesmanship, reduce the amount of pretrial motions practice, and reduce the potential for surprise and delay at trial." *United States v. Jackson*, 59 M.J. 330, 333 (C.A.A.F. 2004) (citation omitted) (internal quotation marks omitted). Our superior court has held that trial counsel's "obligation under Article 46," UCMJ, includes removing "obstacles to defense access to information" and providing "such other assistance as may be needed to ensure that the defense has an equal opportunity to obtain evidence." *United States v. Williams*, 50 M.J. 436, 442 (C.A.A.F. 1999).

In this case, appellant entered into a pretrial agreement on 5 April 2018. The aforementioned memorandum is dated 12 April 2018. On 19 April 2018, appellant pled guilty. Assuming, without deciding, that appellant made a specific request for the undisclosed information pursuant to the Military Rules of Evidence, the nondisclosure is harmless beyond a reasonable doubt. *United States v. Coleman*, 72 M.J. 184, 187 (C.A.A.F. 2013). As previously described, the evidence against appellant was overwhelming.

In sum, the Government did not violate *Brady*. The memorandum was neither impeachment nor exculpatory evidence. Even if it were, it was not material. Finally, even if the memorandum constituted impeachment evidence, the government was not constitutionally required to disclose such information prior to appellant entering a guilty plea. Lest there be a misreading of our holding, however, this Court reemphasizes the obligations of trial counsel "to execute diligently their continuing duty to disclose discoverable information to the defense." *Garlick*, 61 M.J. at 351. Still, for the reasons set out above, appellant's claim wholly fails.

## CONCLUSION

Upon consideration of the entire record, the findings of guilty and the sentence are AFFIRMED.

Judge BROOKHART and Judge SCHASBERGER concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court